UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STRIBLING, | No. 2:17-cv-1243 MCE DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COSTA, et al., | |
| Defendant. | |

Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claimed defendants failed to provide him with adequate mental health care treatment in violation of the Eighth Amendment. This action was dismissed on June 12, 2019 for failure to prosecute and failure to comply with court orders. (ECF Nos. 16, 17.) Presently before the court is plaintiff's motion to alter the judgement. (ECF No. 18.)

I. **Legal Standards**

To the extent that petitioner's filing constitutes a motion for reconsideration, a motion for reconsideration is treated as a motion to alter or amend the judgement under Federal Rule of Civil Procedure 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from a judgment or order. American Ironworks

& Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 998-99 (9th Cir. 2001). Because petitioner filed his motion within 28 days after the entry of judgment, his motion is treated as one under Rule 59(e).[1] See Lee-Thomas v. Prince George's County Public Schools, 666 F.3d 244, 247 n.4 (4th Cir. 2012).

A Rule 59(e) motion to alter or amend the judgment is an "'extraordinary remedy which should be used sparingly.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curium)). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell, 197 F.3d at 1255 n.1). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

## II. Analysis

Plaintiff's one-page motions consists of two arguments: (1) the court has not shown that he received the findings and recommendations and (2) he disagrees with the order dismissing the first amended complaint with leave to amend. However, plaintiff has not identified a manifest error of fact or law, newly discovered evidence, or a change in controlling law.

Plaintiff states that "there[']s no substantial/substantiating evidence that the 3-18-19 order landed in my hands. In a timely manner that I had in fact a fair opportunity to file objections to findings and recommendations ("F&R") within the time zone to file one in." It appears plaintiff

---

[1] Judgment was entered on June 12, 2019. (ECF No. 33.) Plaintiff's motion is dated June 20, 2019. (ECF No. 18.) Prisoner filings are deemed "filed" on the date they are provided to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). Plaintiff's motion was constructively filed eight days after entry of judgment. Accordingly, his motion falls within the time provisions of Rule 59(e).

2

claims that he failed to file objections because he did not receive the court's findings and recommendations. The docket indicates that the findings and recommendations were sent to plaintiff on April 9, 2019 and returned as undeliverable. However, the docket also reflects that the findings and recommendations were re-sent and served on plaintiff sometime after April 11, 2019. Additionally, plaintiff's motion does not address his failure to file an amended complaint or respond to the court's order to show cause. Plaintiff received multiple warnings that the failure to file an amended complaint would result in a recommendation that the action be dismissed.

The court finds that plaintiff has failed to raise any issue of fact or law that is sufficient to warrant an alteration of the judgment entered June 12, 2019.

### III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to alter the judgment (ECF No. 18) be construed as a Rule 59(e) motion and be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and served on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 13, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/Orders/Prisoner-CivilRights/strib1243.alter

3

4